**IN THE COURT OF APPEALS OF IOWA**

No. 15-0065
Filed October 14, 2015

**DOUGLAS GRASSLE,**
         Plaintiff-Appellant,

**vs.**

**THE CITY OF DAVENPORT, IOWA,**
         Defendant-Appellee.
_____

        Appeal from the Iowa District Court for Scott County, Joel W. Barrows,

Judge.

        Douglas Grassle appeals from the order granting summary judgment in

favor of the City of Davenport on his declaratory judgment action.  **AFFIRMED.**

        Michael J. Meloy of Meloy Law Office, Bettendorf, for appellant.

        James W. White and Rand S. Wonio of Lane & Waterman, L.L.P.,

Davenport, for appellee.

        Considered by Mullins, P.J., Bower, J., and Scott, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**SCOTT, Senior Judge.**

Douglas Grassle appeals from the order granting summary judgment on his declaratory judgment action in favor of the City of Davenport (City). Grassle initiated the action after receiving a trespass notice stating that any permission or license he had to enter the Oakdale Cemetery, a non-profit cemetery located in Davenport, had been revoked and withdrawn. He alleged the notice was issued illegally and in violation of his due process rights under the federal and state constitutions. The district court granted the City's motion for summary judgment after determining Grassle failed to prove the City's involvement constituted state action in violation of his due process rights. Grassle challenges this determination on appeal.

We review rulings on motions for summary judgment for correction of errors at law. *City of Johnston v. Christenson*, 718 N.W.2d 290, 296 (Iowa 2006). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Iowa R. Civ. P. 1.981(3). We must determine whether there is any material fact in dispute, and if not, whether the district court correctly applied the law. *See Shriver v. City of Okoboji*, 567 N.W.2d 397, 400 (Iowa 1997).

The material facts are undisputed. Oakdale Cemetery is not owned by the City of Davenport but is an independent cemetery under the general management of Darrell Iossi, a private citizen. Iossi requested a trespass notice from a Davenport Police Department officer. The officer filled out the notice and Iossi signed it. Iossi then requested the officer serve Grassle with trespass

notice. The only question is whether the district court correctly applied the law in determining this is insufficient to constitute state action.

The United States and Iowa Constitutions limit state action that deprives a person of property without due process of law. *Green v. Racing Ass'n of Cent. Iowa*, 713 N.W.2d 234, 238 (Iowa 2006). In order to be considered a state action there must first be a constitutional deprivation caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or a person for whom the State is responsible. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). The party charged with the deprivation must also be a person who may fairly be said to be a state actor. *Id.* Action by an individual may constitute state action in the following situations:

> (1) where a state acts directly through its officer or agent; (2) where the state acts in conjunction with business in a profit-making field; (3) where the state by its actions (or inaction) encourages or creates an atmosphere in which private citizens deprive others of their constitutional rights; (4) where the state affirmatively orders or approves the action in the course of its regulatory rule-making; and (5) where functions traditionally performed by the state are delegated to or performed by private interests.

*Jensen v. Schreck*, 275 N.W.2d 374, 385 (Iowa 1979).

Grassle has failed to show a state action was involved in this case. As the district court concluded, "the mere issuance of a trespass notice by a state actor does not rise to the level of state action required to support a due process violation." This determination is supported by the law. *See Green*, 713 N.W.2d at 242-43 (holding no state action present where racing association's director of human resources made the decision to issue trespass notices to jockeys banning them from entering a racetrack on public property leased by county because

there was no evidence the county controlled the decision to exclude the jockeys and the county did not benefit from the constitutional violation alleged); *Jensen*, 275 N.W.2d at 385 (holding service of a notice of forfeiture does not constitute state action where the state did not cause or even encourage forfeiture); *see also Williams v. Nagel*, 643 N.E.2d 816, 820 (Ill. 1994) (holding service of notices by police department barring plaintiff from apartment building was not sufficient conduct to establish state action where apartment owner made decision concerning who to place on "no trespass" list). The Davenport police officer did not cause or encourage the trespass notice to be issued, but merely filled it out and served it on Grassle at Iossi's request. Iossi made the decision to revoke or withdraw Grassle's permission or license to enter the cemetery. Because the district court correctly applied the law to the undisputed facts in determining no state action was present, we affirm.

**AFFIRMED.**